UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHI R. MUDALIAR, | Case No. 2:22-cv-01034-TLN-JDP (PS) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE SUA SPONTE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| RAJESH PRASAD, | |
| Defendant. | |

Plaintiff commenced this action in the Sacramento County Superior Court, seeking, among things, a judgment partitioning by sale real property that is jointly owned by the parties. On June 14, 2022, defendant, who is proceeding without counsel, removed this case to this court. ECF No. 1. In the notice of removal, defendant states that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Contrary to that contention, the complaint does not assert a federal claim or otherwise establish subject matter jurisdiction. I therefore recommend that this action be remanded sua sponte to state court.[1]

A district court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of

---

[1] Defendant has also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. In light of the recommendation that this action be remanded for lack of subject matter jurisdiction, I decline to address defendant's application to proceed *in forma pauperis*.

1

1   establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly

2   construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th

3   Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal

4   in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

5       The notice of removal states that this case presents a federal question because the

6   complaint asserts a claim for partition of real property. ECF No. 1 at 3. The presence or absence

7   of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides

8   that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's

9   properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This is the

10  case where the complaint "establishes either that [1] federal law creates the cause of action or that

11  [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of

12  federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold &*

13  *Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers*

14  *Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

15      Contrary to defendant's contention, plaintiff's claim for partition of real property is

16  brought under state, not federal, law. ECF No. 1 at 1, 8-9; *see* Cal. Code Civ. P. § 872.210.

17  Likewise, the complaint's two other claims, for accounting and common count, are also based on

18  California law. ECF No. 1 at 10-11. Accordingly, defendant has not satisfied his burden of

19  establishing federal question jurisdiction under 28 U.S.C. § 1331.[2]

20      Accordingly, it is hereby RECOMMENDED that this case be REMANDED sue sponte to

21  the Superior Court of the State of California in and for the County of Sacramento.

22      I submit these findings and recommendations to the district judge under 28 U.S.C.

23  § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

---

[2] Defendant also has not established that this court has diversity jurisdiction, since the notice of removal does not establish diversity of the parties. *See* 28 U.S.C. § 1332. It also appears that defendant is a citizen of California, which would prevent removal based solely on diversity jurisdiction. *See* 28 U.S.C. § 1441(b) (prohibiting removal based solely on diversity jurisdiction "if any of parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court.  Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    July 12, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE